UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MODERN HOLDINGS, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No: 5:19-cv-00182-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| CORNING INCORPORATED, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant, | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |

*** *** *** ***

Before the Court are three, inextricably linked motions: Defendant City of Danville's Motion to Dismiss [R. 13], Plaintiffs' Motion to Remand [R. 20], and Plaintiffs' Motion for Leave to File Amended Complaint [R. 24.] With the City of Danville as a defendant, Plaintiffs argue that remand is required because the parties are not completely diverse. Defendants disagree, and argue that Danville has been fraudulently joined for the purpose of defeating diversity jurisdiction. Danville argues that Plaintiffs fail to state a claim against it for which relief can be granted, and therefore the claims against it must be dismissed. Danville's motion to dismiss bears on plaintiffs' motion to remand, as dismissal of Danville as a defendant would result in complete diversity. Finally, to cure the alleged deficiencies in its complaint, Plaintiffs request leave to file an amended complaint. For the following reasons, Danville's Motion to Dismiss is GRANTED, and Plaintiffs' Motion to Remand and Motion for Leave are DENIED.

**I**

The Plaintiffs in this case are a group of individuals and businesses who either lived or owned property in the "Cowan neighborhood" of Danville, Kentucky. [R. 1-2 at 5.] The Cowan

neighborhood is located near the site of an industrial facility previously owned by Defendant Corning Incorporated and later Defendant Philips Electronics North America Corporation. *Id.* at 63. Both Corning and Philips operated the facility as a glass production plant. *Id.* Plaintiffs say that the manufacture of glass produced certain harmful chemicals such as arsenic, lead, and trichlorethylene or "TCE", and that these chemicals "were caused to be released and leave Defendants' property and enter onto the properties of the Plaintiffs[.]" *Id.* at 4. Plaintiffs allege that the chemicals have contaminated their "water, soil, vegetation, air, water [sic] land, and dwellings," that they have suffered physical and emotional injuries due to exposure to contaminants, and that the presence of contaminants has decreased their property value. *Id.*

Plaintiffs' proposed amended complaint raises seven claims: nuisance (Count I); trespass (Count II); negligence, gross negligence, and recklessness (Count III); negligence per se (Count IV); battery (Count V); fraudulent concealment (Count VI); and negligent infliction of emotional distress (Count VII). Except for their claim of negligence per se, Plaintiffs' claims against the city of Danville are apparently premised on a theory of conspiracy.[1] Plaintiffs allege that Danville "conspired with Corning and Philips and/or took independent action to conceal the presence, effects, extent and nature of the contamination, and continue such efforts to this day." [R. 24-1 at ¶ 136.] Plaintiffs further allege that Danville "also intentionally failed in its affirmative duties and obligations" to investigate the presence and amount of contaminants released by Corning and Philips, and to remediate contamination in public spaces. *Id.* at ¶ 145.

---

[1] The Court says "apparently" because it is unclear from Plaintiffs' Response to Danville's Motion to Dismiss whether Plaintiffs' theory of liability as to the fraudulent concealment claim is also based in conspiracy, whether they allege that Danville fraudulently concealed a material fact on their own, or both. To be thorough, the Court will address Plaintiffs' fraudulent concealment claim under both theories of liability.

## II

### A

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that the Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). However, "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

In their proposed amended complaint, Plaintiffs endeavor to "specifically describe the actions taken by the City in their efforts to conspire with Defendants Corning and Philips," and "cure any confusion as to the term 'Defendants.'" [R. 24-2 at 2.] No new causes of action are asserted in the proposed amended complaint, nor do Plaintiffs name any new parties. Because the proposed amended complaint simply serves to clarify what Danville has argued are "conclusory" or factually deficient claims, it stands to reason that if the proposed amended complaint cannot stand up to scrutiny, then neither can the original. Thus, this Court turns to whether Plaintiffs' claims against Danville in their Proposed First Amended Complaint would survive a motion to dismiss under Rule 12(b)(6).

**B**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

**1**

The proposed amended complaint alleges, over and over, that Danville "conspired with Corning and Philips and/or took independent action to conceal the presence, effects, extent and nature of the contamination alleged herein." [R. 24-1 at ¶¶ 124, 136, 145, 146, 149, 150, 154, 155.] Based on the allegation of civil conspiracy, Plaintiffs seek to hold Danville liable for nuisance, trespass, battery, negligence, fraudulent concealment, and negligent infliction of emotional distress.

Plaintiffs also allege that "the City of Danville failed in its affirmative duties and obligations to conduct a reasonable inquiry and environmental testing to determine the nature, presence, extent, and effects of the contamination alleged herein, and to remediate same with regard to contamination affecting public areas and/or natural resources and water sources." *Id.*

4

For this, Plaintiffs have brought claims of negligence per se and fraudulent concealment against Danville.

a

Civil conspiracy is not a free-standing claim in Kentucky. Instead, "it merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort." *Stonestreet Farm, LLC v. Buckram Oak Holdings, N.V.*, 2010 WL 2696278 (Ky. Ct. App. July 9, 2010) (citing *Davenport's Adm'x v. Crummies Creek Coal Co.*, 184 S.W.2d, 887, 888 (1945)). Kentucky law defines a civil conspiracy as "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *Peoples Bank of N. Kentucky, Inc. v. Crowe Chizek & Co., LLC*, 277 S.W.3d, 255, 261 (Ky. Ct. App. 2008). Kentucky's appellate court has explained the meaning of "concert of action":

> For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct separately considered, constitutes a breach of duty to the third person.

*Farmer v. City of Newport*, 728 S.W.2d 162, 164 (Ky. Ct. App. 1988) (citing Restatement (Second) of Torts, § 876 (1979)). Thus, to survive a motion to dismiss, Plaintiffs must allege that Danville acted tortiously pursuant to a common design, or that Danville rendered substantial assistance to others to accomplish a tortious act. *See Peoples Bank*, 277 S.W.2d at 261.

Part D. of the proposed amended complaint outlines the "intentional acts and omissions of the City of Danville" which plaintiffs allege Danville undertook in furtherance of this conspiracy. [R. 24-1 at 76.] Under this subheading, Plaintiffs lay out specific factual allegations

5

not in the original complaint. Specifically, Plaintiffs say that they "have long suspected" that Philips and Corning, with Danville's help, used public spaces as dumpsites for hazardous waste. *Id.* at ¶ 168. These suspicions "were based, at least in part, by results from ground-penetrating radar . . . to reveal *what appear to be* barrels of Hazardous Substances buried beneath Cowan Park." *Id.* at ¶ 169 (emphasis added). As evidence of concealment, Plaintiffs point out that Danville has refused to perform environmental testing at the park. *Id.* at 170. Also, "Plaintiffs requested documents from Defendants Corning and Philips reflecting any agreement with the city to sell or lease property or to deposit materials on City-owned property," but "no documents responsive to these requests have been produced." *Id.* at ¶ 171.

Finally, in what Plaintiffs seem to regard as smoking-gun evidence of the alleged conspiracy, the complaint details the observation of Ms. Stacy Wilson, who "in or around the late Fall of 2018 . . . observed heavy earth-moving equipment on the grounds of Cowan Park." *Id.* at ¶ 172. One day the equipment was gone, and "areas of the park that were once uneven . . . were now even and [] new grass had been planted in the same areas." *Id.* Plaintiffs say that this occurred in the same park "where Plaintiffs' counsel suspected barrels of hazardous substances to be buried." *Id.*

Of course, in deciding a motion to dismiss, the Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). But it is also true that "[a] complaint must [] allege facts that make it *reasonable* to infer that the defendant is liable for the claimed misconduct, as opposed to making unsupported legal conclusions or offering speculation in support of a claim." *Powers v. Merck &*

*Co.*, 773 Fed. App'x 304, 305 (6th Cir. 2019) (emphasis added) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, the inferences Plaintiffs ask the Court to draw from those facts are wholly unreasonable. Even if the Court accepts as true that ground penetrating radar revealed items that "appear to be barrels of Hazardous Substances" buried in the earth, and even if Corning and Philips put them there, nothing about that statement allows an inference of conspiracy on the part of Danville. Likewise, the absence of documentation "reflecting any agreement with the city to sell or lease property or to deposit materials" is not proof of conspiracy any more than it is proof that no agreement exists. Finally, effectively nothing incriminating can be inferred from the observations made by Ms. Wilson. The Court cannot reasonably infer—from the presence of earth moving equipment one day and freshly-planted grass the next—that Danville plausibly could have been burying (or removing for concealment elsewhere) barrels of toxic waste in a city park. A thousand things are more likely. Thus, even with the addition of factual allegations in Part D. of the proposed amended complaint, Plaintiffs have failed to state a claim against Danville under a conspiracy theory of liability. Lacking these additional facts, the original complaint certainly fails as well. Accordingly, Danville's Motion to Dismiss is GRANTED.

**b**

Next, the proposed amended complaint states "the City of Danville failed in its affirmative duties and obligations to conduct a reasonable inquiry and environmental testing to determine the nature, presence, extent, and effects of the contamination alleged herein, and to remediate same with regard to contamination affecting public areas and/or natural resources and water sources." [R. 24-1 at ¶ 145.] Plaintiffs charge Danville with knowingly allowing Corning and Philips to expel lead, arsenic, and TCE from their facility without proper permits, and then

7

attempting to conceal that fact. [R. 24-1 at ¶¶ 155, 182.] Plaintiffs assert claims of negligence per se and fraudulent concealment based on a violation of these duties.

Negligence per se is simply "a negligence claim with a statutory [or regulatory] standard of care substituted for the common law standard of care." *Wright v. House of Imps, Inc*, 381 S.W3d 209, 213 (Ky. 2012). It is codified at K.R.S. § 446.070, which provides that "a person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation[.]" To establish a claim of fraudulent concealment, Plaintiffs must show that (1) Danville had a duty to disclose a material fact to the Plaintiffs; (2) Danville failed to disclose that fact; (3) the failure induced Plaintiffs to act, and (4) that Plaintiffs were injured as a result. *See Scheck Mech. Corp. v. Borden, Inc.*, 186 F. Supp. 2d 724, 733–34 (W.D. Ky. 2001) (citing *smith v. General Motors Corp.*, 979 S.W.2d 127, 129 (Ky. App. 1998)). Plaintiffs proposed amended complaint references a host of statutes and regulations, and does not specify which gives rise to Danville's duty to "conduct a reasonable inquiry and environmental testing to determine the nature, presence, extent, and effects of the contamination alleged herein, and to remediate same" that forms the basis of their negligence per se and fraudulent concealment claim. Regardless, it appears that Danville may not be held liable.

Pursuant to Kentucky's Claims Against Local Government's Act, Danville may not be held liable for injuries or losses resulting from

> (a) The adoption or failure to adopt any ordinance, resolution, order, regulation or rule;
> (b) The failure to enforce any law;
> (c) The issuance, denial, suspension, revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization;
> (d) The exercise of discretion when in the face of competing demands, the local government determines whether and how to utilize or apply existing resources; or
> (e) Failure to make an inspection.

K.R.S. § 65.2003(3)(a)–(e). Clearly, to the extent liability is premised on a failure to inspect Philips and Corning's facility, enforce laws related to environmental protection, or permitting Philips and Corning to operate their facility, Danville is immune from suit. Amendment would be futile, and the original complaint is defective for the same reason. Accordingly, Plaintiffs' claims of negligence per se and fraudulent concealment against the City of Danville are DISMISSED.

## C

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th

Cir. 2009) (citing *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). Fraudulent joinder was created to prevent plaintiffs from asserting claims against nondiverse defendants "for the sole purpose of preventing removal." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956).

In order to establish fraudulent joinder, Plaintiffs "must present evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. The citizenship of John Doe defendants may be disregarded for purposes of establishing diversity jurisdiction. *See, e.g., Universal Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 426 (1st Cir. 2007); *Soliman v. Philip Morris, Inc.*, 311 F.3d 971 (9th Cir. 2002); *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997). Therefore, the Court need only decide whether the City of Danville was fraudulently joined. If Plaintiffs claims against Danville and have no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Housing Com'n*, 579 F.3d at 624 (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

**1**

Plaintiffs argue that remand is required because the presence of Danville as a defendant means the parties are not completely diverse. [R. 20.] Defendants insist that Danville was fraudulently joined for the sole purpose of defeating this Court's jurisdiction. [R. 27 at 1.]

To understand Defendants' point, it is important to understand the history and procedural posture of this case. This is not the only *Modern Holdings* on the Court's docket. *See Modern Holdings, LLC, et al. v. Corning, Inc., et al.*, Civil No. 13-405-GFVT. In 2013, two of the Plaintiffs filed a putative class action on behalf of those "who have owned property or resided within a five-mile radius of [320 Vaksdahl Avenue] between 1952 and 2013, and who have

suffered or will suffer property damage, injury, or death as a result of their exposure to toxic substances[.]" [13-405, R. 1 at ¶ 2.] In April 2017, Plaintiffs in the first case filed a motion to certify class, which was denied. [13-405, R. 251; R. 291.] The deadline for Plaintiffs to join additional parties or amend their complaint was December 21, 2018. [13-405, R. 304.] On December 20, 2018, Plaintiffs filed a motion for joinder and tendered their fifth amended complaint. [13-405, R. 305.] Litigation is ongoing in that case and the parties continue to prepare to proceed to trial.

Plaintiffs filed this case in Boyle Circuit Court in March, 2019. [R. 1.] The factual predicate is nearly identical to the first case, except this case includes 28 individual plaintiffs who also reside in the Cowan neighborhood but were not part of the first case, and for the first time asserts claims against Danville. [*Compare* 13-405, R. 1 *with* R. 24-1.] Plaintiffs contend that, despite the discovery conducted in the first case, it was only recently that Plaintiffs discovered evidence of their claims against Danville. Upon talking to Ms. Stacy Wilson in 2018 that Plaintiffs state that they believed they finally had a factual basis to bring claims against Danville under a theory of conspiracy.

After filing the instant action in Boyle Circuit Court, Plaintiffs sought permission to voluntarily dismiss the original action without prejudice. [13-405, R. 335.] Plaintiffs did not wish to dismiss their claims entirely, but pursue them in a different forum. The Court denied that Motion in April 2019 because allowing the voluntary dismissal would prejudice the Defendants in allowing Plaintiffs to escape unfavorable rulings already made by this Court, such as "denying class certification, dismissing some of their claims, and requiring Plaintiffs to make *Lone Pine* disclosures." [13-405, R. 347.]

11

The Court addressed Danville's Motion to Dismiss in the foregoing and found that Plaintiffs had failed to state a claim against Danville. It follows that Danville was fraudulently joined, because "plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. And regardless, with Danville dismissed as a defendant, there is complete diversity between the parties. But even if the Court had not resolved the motion to dismiss prior to turning to the motion to remand, the Court would find fraudulent joinder here. Not only are Plaintiffs' claims against Danville wildly speculative and far afield, but the fact that Plaintiffs have filed a second nearly-identical lawsuit in state court, against the same defendants, raising the same claims that are actively being litigated in the first case, is a red flag. On its face, this looks like an attempt to circumvent this Court's rulings in *Modern Holdings,* Civil No. 13-405-GFVT, by obtaining a final judgement in state court first. Plaintiffs' Motion to Remand is DENIED.

**III**

Plaintiffs' proposed amended complaint adds facts allegedly supporting their claim against defendant City of Danville. But even taking those facts as true, the inferences Plaintiffs ask the Court to draw are not reasonable. Amendment would be futile and the original complaint, which lacks the specificity of the proposed amendment, fails as well. Finally, without Danville as a party to this action, there is complete diversity between the parties.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss **[R. 13]** is **GRANTED**, and Plaintiffs' Motion to Remand **[R. 20]** and Motion for Leave to File Amended Complaint **[R. 24]** are **DENIED**.

This the 11th day of March, 2020.

Gregory F. Van Tatenhove
United States District Judge